## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

RICHARD WORLEY,                    Plaintiff,

vs.                            Docket No.: 4:17cv193-SA-JMV

**JURY DEMANDED**

DEPUTY DANNY LAWRENCE, Individually and
in his Official Capacity as a Deputy of the
Grenada County Sheriff's Office;
DEPUTY BRYAN GRIFFITH, Individually and
in his Official Capacity as a Deputy of the
Grenada County Sheriff's Office;
DEPUTY RANDY SWEAT, Individually and
in his Official Capacity as a Deputy of the
Grenada County Sheriff's Office;
DEPUTY TIM GHOLSTON, Individually and
in his Official Capacity as a Deputy of the
Grenada County Sheriff's Office;
DEPUTY DONNY WILLIS, Individually and
in his Official Capacity as a Deputy of the
Grenada County Sheriff's Office;
JOHN DOES I-X, Individually and
in his Official Capacity as a Deputy of the
Grenada County Sheriff's Office;
SHERIFF ALTON STRIDER, Individually and
in his Official Capacity as a Sheriff of the
Grenada County Sheriff's Office;
GRENADA COUNTY, MISSISSIPPI                    Defendants.

### COMPLAINT

COMES NOW the Plaintiff, Richard Worley, by and though counsel of record and files this Complaint against the Defendants, both jointly and severally and for cause of action would state as follows:

### (I) INTRODUCTION

1. This cause of action arises from that improper use of excessive force and failure to prevent the use of excessive force against Plaintiff Richard Worley by deputies of the Grenada County Sheriff's Office which occurred on December 23, 2016, at the Grenada County Jail. At

1

the time of attack, Plaintiff Richard Worley was restrained and handcuffed when he struck by a deputy and then kicked in the ear while on the ground making specific and positive identification of his attacker difficult. Further, at the time of the attach, all of the deputies of the Grenada County, Sheriff's Office were acting under color of law, by virtue of their status as deputies for the Grenada County Sheriff's Office and in the course and scope of their employment with the Grenada County Sheriff's Office.

2. Prior to the filing of this lawsuit, Plaintiff's counsel made a Public Records Request for documents pertaining to this action, this incident and the subsequent investigations from Grenada County, the Grenada County Sheriff's Office (GCSO), the City of Grenada and the Grenada Police Department. In response to this Public Records Request, the City of Grenada and the GPD stated that no officer or employee from the City of Grenada or GPD was involved in this incident. At the time of the filing of this Complaint, Plaintiff has not received a complete response from Grenada County or the GCSO to the Public Records Request including video tapes and reports which would include the identification of persons involved in the attack of Plaintiff Richard Worley. However, Grenada County, by and through counsel Danny Griffith, has responded to the request and is processing it and has provided an email identifying the particular deputies involved in this incident as Deputies Danny Lawrence, Tim Gholston, Bryan Griffith and Randy Sweat. Based on these representations, Plaintiff brings this lawsuits against these deputies. Plaintiff would further state that he does not believe that Deputy Gholston was present at the jail when the assault occurred and was only involved in his arrest and that he believed that Deputy Donny Willis may also have been involved in the incident and been the attacker. Given the nature of the attack on Plaintiff Richard, positive and specific identification of his attacker or attackers cannot be made.

3. Given that the statute of limitations with respect to Plaintiff's state law claim runs on December 23, 2017, Plaintiff brings this Complaint against all these parties and reserves the right to amend this Complaint to add or delete Defendants once complete documentation pertaining to this incident has been provided and reviewed.

### (II) PARTIES

4. Plaintiff Richard Worley is an adult resident of Grenada County, Mississippi.

5. Upon information and belief, Defendant Deputies Danny Lawrence, Tim Gholston, Bryan Griffith, Randy Sweat, Tim Gholston, Donny Willis and John Does I-X are adult residents of Grenada County, Tennessee. At all times material hereto, Defendant Deputies Danny Lawrence, Tim Gholston, Bryan Griffith, Randy Sweat, Tim Gholston, Donny Willis and John Does I-X were appointed and/or employed by the Grenada County Sheriff's Office as a law enforcement/correctional officers, acting by virtue of their status as law enforcement/correctional officers, acting under color of state law and acting within the course and scope of his employment. Defendant Deputies Danny Lawrence, Tim Gholston, Bryan Griffith, Randy Sweat, Tim Gholston, Donny Willis and John Does I-X are sued in his individual capacity and in his official capacity as a police officer with the Columbus Police Department.

6. Upon information and belief, Defendant Alton Strider is the duly elected Sheriff of Grenada County, Mississippi. As Sheriff of Grenada County, Defendant Strider is/was the chief law enforcement officer and final policymaker for Grenada County Sheriff's Office and was responsible for the establishment and enforcement of the policies, practices and customs of the Grenada County Sheriff's Office and the Grenada County Jail. Further, as Sheriff of the GCSO, Defendant Strider was responsible for the hiring, training, supervision and discipline of the law enforcement officers/Deputies and correctional officers under his command. Defendant Strider

3

was under a constitutional duty to run the policing activities of the GCSO in a lawful manner and to preserve the peace of Grenada County, Mississippi and to preserve the rights, privileges and immunities guaranteed and secured to citizens and detainees by the constitutions and laws of the United States and the State of Mississippi. Defendant Strider is sued individually and in his official capacity as Chief of the Columbus Police Department.

7. Defendant Grenada County, Mississippi is a political subdivision of the State of Mississippi. Among its other functions, the Defendant Grenada County operates and maintains a law enforcement agency called Grenada County Sheriff's Office and jail thought the appointment and employment of various deputies and other personnel. Defendant Grenada County is under a duty to ensure its policing activities are operated in a lawful manner so as to preserve the peace of Grenada and to preserve its citizens and pre-trial detainees the rights, privileges, and immunities guaranteed and secured to them by the constitutions and laws of the United States and the State of Mississippi. Defendant Grenada County, Mississippi, by and through Sheriff Strider and its other officials, is responsible for ensuring the establishment and enforcement of rules, regulations, procedures, policies, practices, and customs for the GCSO including hiring, training, supervision and discipline of law enforcement officers and other employees.

### (III) JURISDICTION AND VENUE

8. This civil rights action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343(a)(1), (3), and (4). This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as all claims arise from the same case or controversy and Plaintiff has complied with all pre-suit statutory notices required under Mississippi law. Accordingly, this Honorable Court has jurisdiction over all of the claims asserted herein.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because all of the Defendants reside in the Northern District of Mississippi and all of the relevant events occurred in within this District.

10. Each and all of the acts of the Defendants and employees or agents of the Grenada County and the Grenada County Sheriff's Office were performed under the color and pretense of the constitutions, statues, ordinances, regulations, customs and usages of the United States of America, the State of Mississippi, under the color of law and by virtue of their official office and authority as law enforcement officers and agents of Grenada County and the Grenada County Sheriff's Office.

### (IV)
### STATEMENT OF FACTS

11. The incident which forms the basis of this lawsuit occurred at the Grenada County Jail on December 23, 2016.

12. On December 23, 2016, Plaintiff was arrested by Deputies Lawrence and Gholston. After his arrest, Plaintiff Richard Worley was handcuffed and transported to the Grenada County Jail.

13. As Plaintiff had not been convicted, Plaintiff status at the jail was that of a pre-trial detainee.

14. After Plaintiff was transported to the Grenada County Jail, he was taken from the patrol car and into the Grenada County Jail for booking. At the time that Plaintiff was booked into the jail, Defendant Deputies Danny Lawrence, Tim Gholston, Bryan Griffith, Randy Sweat, Tim Gholston, Donny Willis and John Does I-X were present in the booking area.[1]

---

[1] As previously noted in Paragraph 3, Plaintiff does not believe that Deputy Gholston was present at the jail during his attack. However, Defendant's attorney has identified Mr. Gholston as being involved. If Plaintiff understanding is correct and confirmed in discovery, Plaintiff will seek to dismiss his claims against Deputy Gholston.

5

15. As Plaintiff was waiting to be booked he made verbal comments in the presence of the Individual Deputy Defendants which were protected under the First Amendment.

16. While being booked, Plaintiff was still handcuffed and posed no immediate or actual danger to the Defendants or anyone else. All of the Individual Deputy Defendants were in the immediate booking area surrounding Plaintiff.

17. As Plaintiff was waiting to be booked, an African American deputy, believed to be Donny Willis, rushed towards and sucker punched Plaintiff in the head, knocking him to the ground. Due to the nature of the attack, Plaintiff cannot specifically or positively identify his attacker any further. Plaintiff submits that if his attacker was not Defendant Donny Willis, his attacker was one of the other Individual Deputy Defendants.

18. After Plaintiff was attacked and knocked to the floor, he was unable to protect himself from the vicious assault and he remained handcuffed. While on the floor, the attack of Plaintiff continued and he was then struck further and kicked in the ear by one of the Individual Deputy Defendants.

19. This attack by Deputy Willis (or one of the other Individual Deputy Defendants) violated clearly established constitutional law which prohibits using excessive force against restrained pre-trial detainees and violated Plaintiff Worley's clearly established constitutional rights under the First, Fourth, Eighth and Fourteenth Amendment.

20. While Plaintiff was being attacked, knocked to the ground and attacked while on the ground while being restrained by his attacker, the remaining Individual Deputy Defendants failed to intervene to stop Plaintiff's attacker from using excessive force against Plaintiff and violating his constitutional rights.

6

21. At the time of the assault of Plaintiff by Defendant Willis (or one of the other Individual Deputy Defendants), the remaining Individual Defendant Deputies were in close proximity to the attack and had both sufficient time and opportunity to prevent and halt that attack of Plaintiff but refused to do so.

22. The failure to intervene to prevent and stop the vicious attack on Plaintiff by the Individual Deputy Defendants violated clearly established law and Plaintiff's constitutional rights under the First, Fourth, Eighth and Fourteenth Amendment.

23. The attack on the Plaintiff continued for a sufficient period of time to draw the attention of the jail nurse, Marilyn Bibbs. Nurse Bibbs responded to the commotion and observed the attack taking and took action to protect Plaintiff was the attack. In particular, Nurse Bibbs told the Individual Deputy Defendants to stop and actually participating in dragging Mr. Worley away from the Individual Deputy Defendants and into the jail medical area.

24. Once in the jail medical area, Nurse Bibbs attended to Plaintiff's injuries.

25. Upon information and belief, after the assault on Plaintiff, the Individual Deputy Defendants and others watched videos of the attack and laughed and made fun of the Plaintiff and the vicious attack illustrating deliberate indifference to the Plaintiff's constitutional rights.

26. Upon information and belief, no one was disciplined for the attack and failure to prevent the attack despite the fact that it violated both nationally accepted law enforcement/correctional standards and clearly established law.

## CAUSES OF ACTION

27. The Plaintiff reasserts and incorporates all previous paragraphs into each subsequent Count. Each enumerated count also incorporates all allegations of all other counts.

## COUNT ONE:
## INDIVIDUAL DEPUTY DEFENDANTS
## DANNY LAWRENCE, TIM GHOLSTON, BRYAN GRIFFITH, RANDY SWEAT, TIM GHOLSTON, DONNY WILLIS AND JOHN DOES I-X

28. These Defendants committed the above described actions and/or omissions under the color of law and by virtue of their authority as law enforcement officers/correctional officer and/or employees of Defendant Grenada County and substantially deprived Plaintiff of his clearly established rights, privileges and immunities guaranteed to him as a citizen of the United States in violation of 42 U.S.C. §1983 and deprived Plaintiff of the rights guaranteed to him by the First, Fourth. Eight and Fourteenth Amendments of the United States Constitution including, but not limited to:

  a. Freedom from retaliation for protected First Amendment speech;
  b. Freedom from unreasonable seizure of his person;
  c. Freedom from cruel and unusual punishment;
  d. Freedom from summary punishment;
  e. Freedom from the use of excessive force;
  f. Failure to intervene and stop the violation of Plaintiff's constitutional rights by other Individual Defendants and officers; and
  g. Freedom from arbitrary governmental activity, which shocks the conscience of a civilized society.

29. The Individual Deputy Defendants and John Does I-X did individually, jointly and collectively violate the aforementioned constitutional rights of Plaintiff.

30. The Individual Deputy Defendants and John Does I-X individually (excluding the attacking Defendant(s)), jointly and collectively witnessed other officers violate the aforementioned constitutional rights of Plaintiff but conspired to either encourage the violations of Plaintiff's constitutional rights or failed to intervene to prevent Plaintiff's s constitutional rights from being violated by fellow officers by covering up their improper and unconstitutional actions.

Therefore, these Defendants are jointly and severally liable for the violation of Plaintiff's constitutional rights.

31. As a result of the following acts and omission, these Defendants violated Plaintiff's constitutional and federally protected rights and Plaintiff was injured and damaged.

## COUNT TWO:
## MUNICIPAL LIABILITY AGAINST GRENADA COUNTY AND SUPERVISORY LIABILITY OF SHERIFF CRIDER

32. Defendant Grenada County and Sheriff Crider are under a constitutional duty to properly hire, provide policy guidance, train, supervise and discipline the members of the GCSO to ensure that the policing activities of the GCSO are run in a lawful manner, preserving to the citizens and detainees the rights, privileges and immunities guaranteed to them by the Constitutions of the United States of America and the State of Mississippi and the laws of the United States of America and the State of Mississippi.

32. These Defendants permitted, encouraged, tolerated, and knowingly acquiesced to an official pattern, practice or custom of its police officers, including the Individual Deputy Defendants violating the constitutional rights of the public at large, including Plaintiff.

33. The actions of the Individual Deputy Defendants complained of herein were unjustified, unreasonable, unconstitutional, excessive and grossly disproportionate to the actions of Plaintiff, if any, and constituted an unreasonable search and seizure effectuated through the use of excessive force and a deprivation of Plaintiff's constitutional rights secured to him by the First, Fourth, Eighth and Fourteenth Amendment of the United States Constitution and other federal protected rights.

34. These Defendants are directly liable to the Plaintiff for damages due to following policies, practices and customs of Grenada County and the GCSO which were in effect at the time

and which were maintained with deliberate indifference to the constitutional rights of citizens and which were the underlying cause of the constitutional violations:

    a. Failing to adequately and properly screen, hire, train and educate its officers with respect to first amendment rights of pre-trial detainees, the use of force, and the requirement to intervene and prevent other from violating the constitutional rights of pre-trial detainees in deliberate and conscious indifference and reckless disregard to pre-trial detainees, including Plaintiff;

    b. Failing to properly discipline its officers with respect to violations of the U.S. Constitution and its own policies regarding with respect to first amendment rights of pre-trial detainees, the use of force, and the requirement to intervene and prevent other from violating the constitutional rights of pre-trial detainees in deliberate and conscious indifference and reckless disregard to pre-trial detainees, including Plaintiff;

    c. Failing to adequately monitor and evaluate the performance of its officers and their compliance with the laws and policies, practices and customs with respect to first amendment rights of pre-trial detainees, the use of force, and the requirement to intervene and prevent other from violating the constitutional rights of pre-trial detainees in deliberate and conscious indifference and reckless disregard to pre-trial detainees, including Plaintiff;

    d. Failing to properly investigate officer/employee misconduct with respect with respect to first amendment rights of pre-trial detainees, the use of force, and the requirement to intervene and prevent other from violating the constitutional rights of pre-trial detainees in deliberate and conscious indifference and reckless disregard to pre-trial detainees, including Plaintiff;

    e. Failing to properly discipline officers/employees for misconduct with respect to with respect to first amendment rights of pre-trial detainees, the use of force, and the requirement to intervene and prevent other from violating the constitutional rights of pre-trial detainees in deliberate and conscious indifference and reckless disregard to pre-trial detainees, including Plaintiff;

35. At all times material hereto, the Individual Deputy Defendants were acting under color of state law and in compliance with aforementioned policies, practices and customs of Defendants Grenada County and Sheriff Crider.

36. Alternatively, the Municipal and Supervisory Defendants are liable for the actions of the Individual Deputy Defendants by virtue of the fact that the Individual Deputy Defendants were never investigated, or disciplined for their actions violating the constitutional rights of

Plaintiff and, therefore, ratified, condoned and approved the Individual Deputy Defendants conduct in this matter in all respects.

37. Alternatively, the Municipal and Supervisory Defendants are liable for the actions of the Individual Deputy Defendants under the doctrines of agency, vicarious liability, employer-employee relations, master-servant, respondeat superior, joint venture, contract and as a result of their non-delegable duty to provide deputy officers who comply with the U.S. Constitution.

38. As a direct and proximate result of the foregoing policies, practices and customs of the Municipal and Supervisory Defendants, the violation of the constitutional rights of citizens by its employees and agents was substantially certain to occur.

39. As a direct and proximate result of the aforementioned policies, practices and customs of the Municipal and Supervisory Defendants, Plaintiff's constitutional rights were violated he sustained injuries and damages.

## COUNT THREE:
## STATE LAW CLAIMS

40. The acts and omissions set forth herein constitute assault, battery, intentional infliction of emotional distress, outrageous conduct, conspiracy, negligence, gross negligence, and/or recklessness under the laws of the State of Mississippi.

41. The County of Grenada is liable for the actions and torts of the Individual Deputy Defendants alleged herein for which is has removed immunity under the Mississippi Tort Claims Act.

42. The Individual Deputy Defendants are liable for their actions and torts for which the County of Grenada has not waived immunity under the Mississippi Tort Claims Act.

43. On September 15, 2017, Plaintiff submitted a notice of claim pursuant to the provisions of Mississippi Code Annotated, §11-46-11. Plaintiff did not receive a denial of his

notice of claim within the 90 day tolling period. Therefore, these state law claims are brought within the time limitations set forth under Mississippi law.

44. Plaintiff brings these state actions against the applicable Defendants as set forth under Mississippi law, including the MTCA and common law, which includes claims against the County of Grenada for all actions performed by the Individual Deputy Defendants in the course and scope of their employment with Grenada County and against the Individual Defendants for actions that are found to be outside the course and scope of the employment and constitute fraud, malice, liable, slander, defamation or any criminal action.

## COUNT FOUR:
## PUNITIVE DAMAGES AGAINST INDIVIDUAL DEFENDANTS

45. The actions and omissions of Defendants complained of herein were unlawful, conscious shocking and unconstitutional and performed maliciously, recklessly, fraudulently, sadistically, retaliatory, intentionally, willfully, wantonly and in such a manner as to entitle the Plaintiff to a substantial award of punitive damages.

## (VI)
## DAMAGES

46. As a direct and proximate result of the aforementioned actions and omissions of the Defendants, Plaintiff's constitutional and state law rights were violated and Plaintiff was injured. Plaintiff seeks recovery from the Defendants, both jointly and severally, of all damages to which he may be entitled under both state and federal law and which include, but are not limited to, the following:

    a.    Physical pain and suffering;
    b.    Emotional pain and suffering;
    c.    Medical expenses;
    d.    Loss of enjoyment of life;
    e.    Loss of wages;
    f.    Loss of earning capacity;
    g.    Hedonic damages;

  h.  Punitive damages against the applicable Defendants;
  i.  Pre- and post-judgment interest;
  j.  Statutory and discretionary costs;
  k.  Attorney's fees;
  l.  A declaratory judgment that the acts and conduct herein was unconstitutional;
  m.  Injunctive relief precluding the Defendants from engaging in the conduct complained of herein in the future and requiring the City of Columbus to provide proper policy, training and supervision of its officers and holding them accountable for their misconduct; and
  n.  All such further relief, both general and specific, to which he may be entitled under the premises.

## PRAYERS FOR RELIEF

47. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff sues the Defendants, both jointly and severally, for the injuries sustained by Plaintiff and prays for a judgment against the Defendants for compensatory damages in an amount to be determined by a jury as reasonable and for all such further relief, both general and specific, to which he may be entitled under the premises.

48. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff sues Defendants, both jointly and severally and prays for a judgment against the applicable Defendants for punitive damages in an amount to be determined by a jury as reasonable and for all such further relief, both general and specific, to which he may be entitled under the premises.

49. **A JURY IS RESPECTFULLY DEMANDED TO TRY THE ISSUES ONCE JOINED.**

        Respectfully submitted,

        _____/s/ Andrew C. Clarke_____
        ANDREW C. CLARKE, MS BPR # 9491
        6250 Poplar Avenue, 2nd Floor
        Memphis, TN  38119
        (901) 590-0761 (Telephone)
        (901) 590-0779 (Facsimile)
        aclarke@accfirm.com