UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**RICHARD WORLEY**                                                               **PLAINTIFF**

**v.**                                                                **CAUSE NO. 4:17-CV-00193-SA-JMV**

**DEPUTY DANNY LAWRENCE;**
**DEPUTY BRYAN GRIFFITH;**
**DEPUTY RANDY SWEAT;**
**DEPUTY TIM GHOLSTON;**
**DEPUTY DONNY WILLIS;** all Individually
and in Their Official Capacities as Deputies of
the Grenada County Sheriff's Office
**SHERIFF ALTON STRIDER,** Individually
and in His Official Capacity as Sheriff of
the Grenada County Sheriff's Office;
**GRENADA COUNTY, MISSISSIPPI;** and,
**JOHN DOES I-X**                                                 **DEFENDANTS**

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

**COME NOW** Defendants Deputy Danny Lawrence, Deputy Randy Sweat, Deputy Tim Gholston, Deputy Donny Willis, all Individually and in Their Official Capacities as Deputies of the Grenada County Sheriff's Office and Sheriff Alton Strider, Individually and in His Official Capacity as Sheriff of the Grenada County Sheriff's Office, and Grenada County, Mississippi, sued in their individual and official capacities, by and through counsel, and in response to Plaintiff's Complaint would show as follows:

### FIRST DEFENSE

Answering Defendants specifically assert and invoke all the privileges set forth in Fed. R. Civ. P. 12(b)(1)-(7) for which a good faith, legal and/or factual basis exists or may exist.

1

**SECOND DEFENSE**

Answering Defendants specifically assert and invoke all the privileges set forth in the <u>Mississippi Tort Claims Act</u> ("MTCA"), *Miss. Code Ann*. § 11-46-1, *et seq* including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

**THIRD DEFENSE**

Answering Defendants deny that they are guilty of any actionable conduct. Answering Defendants may not be sued separate and apart from Grenada County as official capacity defendants and respectfully seek dismissal of all duplicate official capacity claims.

**FOURTH DEFENSE**

Plaintiff's Complaint should be dismissed on the grounds of applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, Act of God, accord and satisfaction, failure to mitigate, lack of standing, and/or estoppel.

**FIFTH DEFENSE**

Each answering Defendant is entitled to qualified immunity. More specifically, the Complaint fails to allege a violation of a clearly established constitutional right and, at all times, answering Defendants' conduct was objectively reasonable under the circumstances.

**SIXTH DEFENSE**

Answering Defendants invoke *Heck v. Humphrey,* 512 U.S. 477 (1994), as a defense to the extent it is applicable to any of Plaintiff's claims.

## SEVENTH DEFENSE

Answering Defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity including, but not limited to, judicial immunity, quasi-judicial immunity and qualified immunity.

## EIGHTH DEFENSE

Answering Defendants allege that none of them exceeded the requirements of law and due care and that they are not guilty of acts or omissions which either caused or contributed to the incident in question.

## NINTH DEFENSE

Answering Defendants allege that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

## TENTH DEFENSE

At all times, each answering Defendant was acting within the course and scope of his employment and, therefore, cannot be held liable in their individual capacities under state law.

## ELEVENTH DEFENSE

At all times, each answering Defendant was acting within the course and scope of his employment and at all times material to the allegations of the Complaint, their individual actions were in good faith, without malice, and within the course and scope of his employment.

## TWELFTH DEFENSE

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by *Miss. Code Ann.* § 11-46-15 insofar as any state court claims are concerned.

Further, Plaintiff is not entitled to punitive damages under *Miss. Code Ann.* §25-61-15. Answering Defendants invoke the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a) The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b) The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

© The procedures fail to provide a limit on the amount of the award against the defendant.

(d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f) The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(I)     The standard of conduct upon which punitive damages are sought is vague.

### THIRTEENTH DEFENSE

Plaintiff's Complaint fails to state facts against the Defendants which would rise to the level of a constitutional deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

### FOURTEENTH DEFENSE

Each answering Defendant is protected by and invokes all the immunities granted by judicial, common law, and statutory sovereign immunity.

### FIFTHTEENTH DEFENSE

Each answering Defendant asserts and invokes 42 U.S.C. 1997e(a)-(h) to the extent applicable.

### SIXTEENTH DEFENSE

To the extent applicable, Plaintiff's claims are barred by the *Rooker-Feldman* Doctrine.

### SEVENTEENTH DEFENSE

Each answering Defendant reserves the right to assert any defenses that discovery may reveal are appropriate and incorporate herewith by reference any affirmative defenses invoked by any other defendant applicable to it.

### EIGHTEENTH DEFENSE

There is no issue of race, gender, contract or contract rights. 28 U.S.C. §§1981, 1982, and 1985, have no application to the instant claim and should be dismissed. "Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based. Bald allegations that a conspiracy existed are insufficient." *Lynch v.*

*Cannatella,* 810 F.2d 1363, 1369–70 (5th Cir.1987) (citation omitted); see also *Rodriguez v. Neeley,* 169 F.3d 220, 222 (5th Cir.1999) ("A conclusory allegation of conspiracy is insufficient.").

### NINETEENTH DEFENSE

And now, without waiving any defense heretofore or hereinafter set forth, answering Defendants respond to the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

1. The allegations of paragraph 1 are denied.

2. To the extent that paragraph 2 requires a response from these Defendants, it is denied.

3. To the extent that paragraph 3 requires a response from these Defendants, it is denied.

4. The allegation of paragraph 4 is admitted.

5. All allegations of paragraph 5 are denied. Specifically, it is denied that these Defendants are residents of Grenada County, Tennessee and that they work for the Columbus Police Department.

6. The allegations of paragraph 6 are denied.

7. The allegations of paragraph 7 are denied.

8. The allegations of paragraph 8 are denied.

9. The allegations of paragraph 9 are admitted.

10. The allegations of paragraph 10 are denied.

11. The allegations of paragraph 11 are denied.

12. It is admitted that Plaintiff was arrested on December 23, 2016 and transported to the Grenada County Jail.

13. The allegations of paragraph 13 are admitted.

14. It is admitted that Plaintiff was transported to the Grenada County Jail and taken into the booking area to be booked in. The other allegations of paragraph 14 are denied.

15. The allegations of paragraph 15 are denied.

16. The allegations of paragraph 16 are denied.

17. The allegations of paragraph 17 are denied.

18. The allegations of paragraph 18 are denied.

19. The allegations of paragraph 19 are denied.

20. The allegations of paragraph 20 are denied.

21. The allegations of paragraph 21 are denied.

22. The allegations of paragraph 22 are denied.

23. The allegations of paragraph 23 are denied.

24. It is admitted that Nurse Bibbs had Plaintiff in her medical area. However, the remaining allegations of paragraph 24 are denied.

25. The allegations of paragraph 25 are denied.

26. The allegations of paragraph 26 are denied.

27. Defendants incorporate by reference all previous answers in each enumerated paragraph.

28. The allegations of paragraph 28 including subparts a) through g) are denied.

29. The allegations of paragraph 29 are denied.

30. The allegations of paragraph 30 are denied.

31. The allegations of paragraph 31 are denied.

32. The allegations of paragraph 32 are denied.

33. The allegations of paragraph 33 are denied.

34. The allegations of paragraph 34 including subparts a) through e) are denied.

35. The allegations of paragraph 35 are denied.

36. The allegations of paragraph 36 are denied.

37. The allegations of paragraph 37 are denied.

38. The allegations of paragraph 38 are denied.

39. The allegations of paragraph 39 are denied.

40. The allegations of paragraph 40 are denied.

41. The allegations of paragraph 41 are denied.

42. The allegations of paragraph 42 are denied.

43. The allegations of paragraph 43 are denied.

44. The allegations of paragraph 44 are denied.

45. The allegations of paragraph 45 are denied.

46. The allegations of paragraph 46 are denied

47. The allegations of paragraph 47 are denied.

48. The allegations of paragraph 48 are denied.

49. The allegations of paragraph 49 are denied.

Answering Defendants deny that Plaintiff is entitled to any relief.

And now having answered the Complaint, the answering Defendants would respectfully

request a dismissal of the claims asserted against them with costs to be assessed to the Plaintiff.

**RESPECTFULLY SUBMITTED** this the 29th day of March, 2018.

**JACKS GRIFFITH LUCIANO, P.A.**

By: /s/ ***Daniel J. Griffith***
Daniel J. Griffith, MS Bar No. 8366
Attorney for Defendants, Deputy Danny Lawrence, Deputy Randy Sweat, Deputy Tim Gholston, Deputy Donny Willis, all Individually and in Their Official Capacities as Deputies of the Grenada County Sheriff's Office and Sheriff Alton Strider, Individually and in His Official Capacity as Sheriff of the Grenada County Sheriff's Office, and Grenada County, Mississippi

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Street
P. O. Drawer 1209
Cleveland, MS 38732
Phone No. 662-843-6171
FAX No. 662-843-6176
Email: dgriffith@jlpalaw.com

## **CERTIFICATE OF SERVICE**

      I, Daniel J. Griffith, attorney of record for Defendants Deputy Danny Lawrence, Deputy Randy Sweat, Deputy Tim Gholston, Deputy Donny Willis, all Individually and in Their Official Capacities as Deputies of the Grenada County Sheriff's Office and Sheriff Alton Strider, Individually and in His Official Capacity as Sheriff of the Grenada County Sheriff's Office, and Grenada County, Mississippi, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer and Affirmative Defenses* to be delivered by the ECF Filing System which gave notice to the following Counsel of Record:

      Andrew C. Clarke, Esq.
      6250 Poplar Ave., 2nd Fl
      Memphis, TN 38119
      Phone: (901) 590-0761
      Fax: (901) 590-0779
      Email: aclarke@accfirm.com
      **Attorney for Plaintiff**

      Preston "Bo" Rideout
      Attorney-at-Law
      203 Walthall Street
      Greenwood, MS 38930
      Phone: (662) 455-9999
      Fax: (662) 455-1013
      Email: bo@borideout.com
      **Attorney for Plaintiff**

      John Cocke, Esq.
      Merkel & Cocke, P.A.
      P.O. Box 1388
      Clarksdale, MS 38614-1388
      **Attorney for Plaintiff**

      **DATED** this 29th day of March, 2018.

                                                        /s/   *Daniel J. Griffith*