IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RICHARD WORLEY**                                                                                       **PLAINTIFF**

**V.**                                                                   **CIVIL ACTION No.: 4:17-cv-193-SA-JMV**

**DEPUTY DANNY LAWRENCE, Individually and
in his Official Capacity as a Deputy of the
Grenada County Sheriff's Office;
DEPUTY BRYAN GRIFFITH, Individually and
in his Official Capacity as a Deputy of the
Grenada County Sheriff's Office;
DEPUTY RANDY SWEAT, Individually and
in his Official Capacity as a Deputy of the
Grenada County Sheriff's Office;
DEPUTY TIM GHOLSTON, Individually and
in his Official Capacity as a Deputy of the
Grenada County Sheriff's Office;
DEPUTY DONNY WILLIS, Individually and
in his Official Capacity as a Deputy of the
Grenada County Sheriff's Office;
JOHN DOES I-X, Individually and
in his Official Capacity as a Deputy of the
Grenada County Sheriff's Office;
SHERIFF ALTON STRIDER, Individually and
in his Official Capacity as a Sheriff of the
Grenada County Sheriff's Office;
GRENADA COUNTY, MISSISSIPPI**                                                         **DEFENDANTS**

**DEPUTY BRYAN GRIFFIN'S
<u>ANSWER TO PLAINTIFF'S COMPLAINT</u>**

Comes now Deputy Bryan Griffin[1], by and through counsel, and in response to

Plaintiff's Complaint, would show unto the Court as follows:

---

[1] Misidentified as "Bryan Griffith."

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

**SECOND DEFENSE**

Plaintiff's Complaint fails to state facts against the answering defendant which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

**THIRD DEFENSE**

Answering defendant specifically asserts and invokes all defenses available to him as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

**FOURTH DEFENSE**

Answering defendant is entitled to qualified immunity as to the claims asserted against him in his individual capacity. More specifically, answering defendant would affirmatively aver that the Plaintiff's Complaint fails to allege a violation of a clearly established constitutional right and that, at all times, his conduct was objectively reasonable.

**FIFTH DEFENSE**

Insofar as any state law claims are concerned, the answering defendant invokes each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*, including, but not limited to, the

provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

## SIXTH DEFENSE

Answering defendant denies that he has been guilty of any actionable conduct.

## SEVENTH DEFENSE

### ADMISSIONS AND DENIALS

And now without waiving any defenses heretofore or hereinafter set forth, the answering defendant responds to the Plaintiff's Complaint, paragraph by paragraph, as follows:

### COMPLAINT (*CM/ECF Doc. No.1*)

### (I) INTRODUCTION

1. Answering defendant denies the allegations of paragraph 1 of Plaintiff's Complaint.

2. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 2 of Plaintiff's Complaint and, as such, denies the same.

3. Answering defendant denies the allegations of paragraph 3 of Plaintiff's Complaint.

### (II) PARTIES

4. Answering defendant admits, upon information and belief, the allegations of paragraph 4 of Plaintiff's Complaint.

5. Answering defendant admits that, at all times pertinent to this matter, he was acting under color of state law and within the course and scope of his employment with Grenada County, Mississippi. Answering defendant denies the remaining allegations as the same pertain to him. Answering defendant lacks information sufficient to make a determination as to the truth of the remaining allegations of paragraph 5 of Plaintiff's Complaint and, as such, denies the same.

6. Answering defendant admits that Alton Strider is the duly elected Sheriff of Grenada County, Mississippi and is the chief law enforcement officer for the same. Answering defendant lacks information sufficient to make a determination as to the truth of the remaining allegations of paragraph 6 of Plaintiff's Complaint and, as such, denies the same.

7. Answering defendant admits that Grenada County, Mississippi is a political subdivision of the State of Mississippi. Answering defendant denies the remaining allegations of paragraph 7 of Plaintiff's Complaint.

### (III) JURISDICTION AND VENUE

8. Answering defendant admits that this Court has jurisdiction over this matter. Answering defendant denies the remaining allegations of paragraph 8 of Plaintiff's Complaint.

9. Answering defendant admits that venue is proper. Answering defendant denies the remaining allegations of paragraph 9 of Plaintiff's Complaint.

10. Answering defendant admits that he was, at all times pertinent to this matter, acting under color of state law. Answering defendant lacks information

sufficient to make a determination as to the truth of the remaining allegations of paragraph 10 of Plaintiff's Complaint and, as such, denies the same.

## (IV)
## STATEMENT OF FACTS

11. Answering defendant admits that Plaintiff was arrested on December 23, 2016. Answering defendant denies the remaining allegations of paragraph 11 of Plaintiff's Complaint.

12. Answering defendant admits, upon information and belief, the allegations of paragraph 12 of Plaintiff's Complaint.

13. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 13 of Plaintiff's Complaint and, as such, denies the same.

14. Answering defendant denies the allegations of paragraph 14 of Plaintiff's Complaint, as stated.

15. Answering defendant admits that, among other things, Plaintiff made verbal comments in the presence of multiple defendants. Answering defendants deny the remaining allegations of paragraph 15 of Plaintiff's Complaint.

16. Answering defendant denies the allegations of paragraph 16 of Plaintiff's Complaint.

17. Answering defendant denies the allegations of paragraph 17 of Plaintiff's Complaint.

18. Answering defendant denies the allegations of paragraph 18 of Plaintiff's Complaint.

19. Answering defendant denies the allegations of paragraph 19 of Plaintiff's Complaint.

20. Answering defendant denies the allegations of paragraph 20 of Plaintiff's Complaint.

21. Answering defendant denies the allegations of paragraph 21 of Plaintiff's Complaint.

22. Answering defendant denies the allegations of paragraph 22 of Plaintiff's Complaint.

23. Answering defendant denies the allegations of paragraph 23 of Plaintiff's Complaint, as stated.

24. Answering defendant admits the allegations of paragraph 24 of Plaintiff's Complaint.

25. Answering defendant denies the allegations of paragraph 25 of Plaintiff's Complaint.

26. Answering defendant denies the allegations of paragraph 26 of Plaintiff's Complaint.

## CAUSES OF ACTION

27. Answering defendant repeats and incorporates by reference each and every defense, admission, and denial to paragraphs 1-26 hereinabove as if the same were specifically set out herein.

**COUNT ONE:**
**INDIVIDUAL DEPUTY DEFENDANTS**
**DANNY LAWRENCE, TIM GHOLSTON, BRYAN GRIFFITH, RANDY SWEAT, TIM GHOLSTON, DONNY WILLIS AND JOHN DOES I-X**

28. Answering defendant denies the allegations of paragraph 28 of Plaintiff's Complaint, including subparagraphs a-g.

29. Answering defendant denies the allegations of paragraph 29 of Plaintiff's Complaint.

30. Answering defendant denies the allegations of paragraph 30 of Plaintiff's Complaint.

31. Answering defendant denies the allegations of paragraph 31 of Plaintiff's Complaint.

**COUNT TWO:**
**MUNICIPAL LIABILITY AGAINST GRENADA COUNTY AND SUPERVISORY LIABILITY OF SHERIFF CRIDER**

32. The allegations of paragraph 32 of Plaintiff's Complaint pertain to a defendant other than answering defendant and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendant denies the allegations of paragraph 32 of Plaintiff's Complaint.

32. (SIC) The allegations of paragraph 32 of Plaintiff's Complaint pertain to a defendant other than answering defendant and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendant denies the allegations of paragraph 32 of Plaintiff's Complaint.

33. Answering defendant denies the allegations of paragraph 33 of Plaintiff's Complaint.

34. The allegations of paragraph 34 of Plaintiff's Complaint pertain to a defendant other than answering defendant and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendant denies the allegations of paragraph 34 of Plaintiff's Complaint, including subparagraphs a-e.

35. Answering defendant admits that, at all times pertinent to this matter, he was acting under color of state law and in compliance with the policies of Grenada County, Mississippi. Answering defendant denies the remaining allegations of paragraph 35 of Plaintiff's Complaint.

36. The allegations of paragraph 36 of Plaintiff's Complaint pertain to a defendant other than answering defendant and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendant denies the allegations of paragraph 36 of Plaintiff's Complaint.

37. The allegations of paragraph 37 of Plaintiff's Complaint pertain to a defendant other than answering defendant and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendant denies the allegations of paragraph 37 of Plaintiff's Complaint.

38. Answering defendant denies the allegations of paragraph 38 of Plaintiff's Complaint.

39. Answering defendant denies the allegations of paragraph 39 of Plaintiff's Complaint.

## COUNT THREE:
## STATE LAW CLAIMS

40. Answering defendant denies the allegations of paragraph 40 of Plaintiff's Complaint.

41. The allegations of paragraph 41 of Plaintiff's Complaint pertain to a defendant other than answering defendant and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendant denies the allegations of paragraph 41 of Plaintiff's Complaint.

42. Answering defendant denies the allegations of paragraph 42 of Plaintiff's Complaint.

43. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 43 of Plaintiff's Complaint and, as such, denies the same.

44. Answering defendant denies the allegations of paragraph 44 of Plaintiff's Complaint.

## COUNT FOUR:
## PUNITIVE DAMAGES AGAINST INDIVIDUAL DEFENDANTS

45. Answering defendant denies the allegations of paragraph 45 of Plaintiff's Complaint.

## (VI)
## DAMAGES

46. Answering defendant denies the allegations of paragraph 46 of Plaintiff's Complaint, including subparagraphs a-n.

9

## PRAYERS FOR RELIEF

47. Answering defendant denies the allegations of paragraph 47 of Plaintiff's Complaint.

48. Answering defendant denies the allegations of paragraph 48 of Plaintiff's Complaint.

49. Answering defendant denies the allegations of paragraph 49 of Plaintiff's Complaint.

## EIGHTH DEFENSE

Answering defendant is protected by and invokes all the immunities granted by judicial, common law, and statutory sovereign immunity.

## NINTH DEFENSE

Answering defendant avers that he has met or exceeded the requirements of law and due care and that he is guilty of no acts or omissions which either caused or contributed to the incidents in question.

## TENTH DEFENSE

Answering defendant alleges that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

## ELEVENTH DEFENSE

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15 insofar as any state court claims are concerned. Additionally, Answering defendant would affirmatively state that the

Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a) The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b) The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c) The procedures fail to provide a limit on the amount of the award against the defendant.

(d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f) The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i) The standard of conduct upon which punitive damages are sought is vague.

## TWELTH DEFENSE

Answering defendant asserts and invokes 42 U.S.C. 1997e(a)-(h) to the extent applicable.

## THIRTEENTH DEFENSE

Answering defendant invokes *Heck v. Humphrey*, 512 U.S. 477 (1994), as a defense to the extent it is applicable to any of Plaintiff's claims.

## FOURTEENTH DEFENSE

Answering defendant reserves the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having answered the Complaint filed against him, answering defendant requests that the same be dismissed and discharged with costs assessed against the Plaintiff.

**DATE:** March 29, 2018.

Respectfully submitted,

**DEPUTY BRYAN GRIFFIN**

By: */s/William R. Allen*
     One of His Attorneys

WILLIAM R. ALLEN (MSB No. 100541)
J. CHADWICK WILLIAMS (MSB #102158)
Allen, Allen, Breeland & Allen, PLLC
P. O. Box 751
Brookhaven, MS 39602-0751
Tel. 601-833-4361
Fax 601-833-6647
wallen@aabalegal.com
cwilliams@aabalegal.com

## CERTIFICATE

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Answer to Plaintiff's Complaint with the Clerk of the Court using the ECF system which gave notification to the following:

>Andrew C. Clarke, Esq.
>Attorney at Law
>6250 Poplar Avenue, 2nd Floor
>Memphis, TN 38119
>aclarke@accfirm.com
>    *Attorney for Plaintiff*
>
>Daniel J. Griffith, Esq.
>Mary McKay Lasker, Esq.
>Jacks/Griffith/Luciano, P.A.
>P.O. Box 1209
>Cleveland, MS 38732
>dgriffith@jlpalaw.com
>mlasker@jlpalaw.com
>    *Attorneys for Deputy Danny Lawrence,*
>    *Deputy Randy Sweat, Deputy Tim Gholston,*
>    *Deputy Donny Willis, Sheriff Alton Strider, and*
>    *Grenada County, Mississippi*

This the 29th day of March, 2018.

                    /s/William R. Allen
                    OF COUNSEL