**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

RICHARD WORLEY, Plaintiff,

vs. Docket No.: 4:17-cv-193 SA/JMV
**JURY DEMANDED**

DEPUTY DANNY LAWRENCE;
DEPUTY BRYAN GRIFFITH;
DEPUTY RANDY SWEAT;
DEPUTY TIM GHOLSTON;
DEPUTY DONNY WILLIS, all Individually and in Their Official Capacity as a Deputies of the Grenada County Sheriff's Office;
JOHN DOES I-X, Individually and in his Official Capacity as a Deputy of the Grenada County Sheriff's Office;
SHERIFF ALTON STRIDER, Individually and in his Official Capacity as a Sheriff of the Grenada County Sheriff's Office;
GRENADA COUNTY, MISSISSIPPI Defendants.

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF *MOTION IN LIMINE* TO EXCLUDE EVIDENCE OF, REFERENCE TO OR QUESTIONING ABOUT PRIOR ARRESTS, CONVICTIONS, BAD ACTS OR STATEMENTS OF PLAINTIFF**

COMES NOW, the Plaintiff, by and through his attorney of record and submits the following Memorandum of Law in Support of Motion In Limine filed contemporaneously herewith and respectfully states as follows.

## INTRODUCTION

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). Here, defendants have inquired during depositions, and may seek to adduce evidence at trial or at summary judgment, concerning felony arrests, misdemeanor convictions, other bad acts and statements made by Mr. Worley. For the reasons that follow, Defendants should be precluded from doing so.

This case is based on claims asserted by the Plaintiff, Mr. Worley, arising from an assault committed by deputies of the Grenada County Sheriff's Office while Mr. Worley was handcuffed at the Grenada County jail. The parties have engaged in discovery, which has included numerous depositions of individual witnesses. Several of these individual witnesses are deputy sheriffs who have given testimony regarding their knowledge of Mr. Worley based on interactions with him in the past, or based on knowledge alleged to have been acquired from other individuals who have interacted with Mr. Worley. During the course of the depositions conducted, a significant amount of testimony has been elicited and given regarding Mr. Worley prior conduct which is irrelevant and inadmissible propensity evidence. Specifically, this testimony involves Mr. Worley's actions prior to the events that give rise to this litigation. It is clear to undersigned counsel that many of the facts provided in the deposition testimony will likely be offered at trial in an improper manner to present the jury with irrelevant and prejudicial propensity evidence concerning Mr. Worley. This anticipated attempt to create a trial about Mr. Worley's prior actions and not being attacked while handcuffed by the Defendants.

In order to illustrate the specific general nature of this testimony, Plaintiff refers the Court to the depositions of Deputy Sonya Willis and Deputy Bryan Griffin,[1] although this testimony is contained in all the deposition testimony taken to date. Significantly, Deputy Sonya Willis is not a defendant in this case, was not present or on duty during the incident and had no personal knowledge of the facts relevant to this case. However, the Defendants deposed Deputy Willis to

[1] Deposition testimony cited herein includes testimony given by Deputy Sonya Willis of the Grenada County, Mississippi Sheriff's Department. The transcript of this deposition is attached hereto as **Exhibit A** and is cited herein as Depo. of Sonya Willis with reference to pertinent pages and lines. Attached as **Exhibit B** is the deposition transcript of Deputy Bryan Griffin, who was the deputy that actually attacked Plaintiff while he was a restrained pre-trial detainee in the custody of the Grenada County Sheriff's Department.

solely develop proof of Mr. Worley's prior bad acts. By way of example, the specific types of facts and testimony to which the present *Motion In Limine* is directed includes the following:

- Mr. Worley has a history of biting or attempting to bite people, including inmates and members of law enforcement. See Depo of Sonya Willis, Pg. 17-21.

- Mr. Worley has made verbal threats against members of law enforcement, including officers with the Grenada County Sheriff's Department, and members of their families. Depo of Willis, pp. 15, 58, 68

- Mr. Worley has been accused of and investigated for sexually assaulting and abusing minor children. Depo. of Willis, pp. 27-31, 37, Ex. 6.

- Mr. Worley has been arrested for public intoxication and assault. Depo. of Willis, pp. 19, 25-26, 34-39; Ex. 1, 2, 3, 4, 6, 7 & 8.

- Mr. Worley has been charged with domestic assault. *Id.*

- Mr. Worley has used racially derogatory language directed at African American law enforcement officers, including at the time of the assault that gives rise to this litigation. Depo. of Sonya Willis, pp. 15-18; Depo. of Bryan Griffin, pp. 36-42.[2]

Based on the much of the deposition testimony that has occurred, it is anticipated that Defendants may seek to introduce evidence of prior arrests, convictions, uncharged prior bad acts and statements of Plaintiff Richard Worley. Included in this set of anticipated prior bad acts would be the verbal statements that Plaintiff allegedly made to the officer who initially struck him - Bryant Griffin - that allegedly contained racial epithets directed at Mr. Griffin.

**LAW AND ARGUMENT**

While Plaintiff has been arrested in the past, none of the crimes for which he was accused or plead guilty to are admissible under the Federal Rules of Evidence, including F.R.E. 401, 402, 403, 404, and 609 or are relevant as this case which is about being assaulted by deputies while handcuffed and being booked into jail. Further, post incident arrests or convictions are likewise

[2] Significantly, Deputy Griffin testified that he did not hit Mr. Worley for use the "N" word. (Depo. of Griffin, pp. 29-30.

not relevant. Federal Rule of Evidence 401 defined relevant evidence as follows: Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action. Accordingly, any evidence sought to be introduced at summary judgment or trial would have meet this relevancy standard and be make a fact relevant to being beaten while handcuffed more probable than not. None of the evidence elicited during deposition testimony and/or discovery meets this test of relevancy and is solely sought to be introduced as improper propensity evidence in an effort to prejudice the jury against Mr. Worley.

**A. Arrests or Convictions.**

The admissibility of the evidence and testimony that Plaintiff anticipates will be offered is governed by Federal Rules of Evidence, 401, 403, 404, 608 and 609. This case is about an assault of the Plaintiff that occurred while he was handcuffed while being booked into the Grenada County jail.

Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...

Rule 609 of the Federal Rules of Evidcne provides in pertinent part as follows:

> **(a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a **criminal conviction**:
> **(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
> **(A)** must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
> **(B)** must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
> **(2)** for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.

Noting that courts must be extremely careful to guard against the danger that a party will lose because of evidence of other acts rather than because the opposing party has proved its case, the Ninth Circuit in *United States v. Bailleaux*, 685 F.2d 1105, 1110 (9th Cir. 1982) noted:

> Before evidence of prior criminal conduct may be admitted for these other purposes [intent, motive, etc.], the following prerequisites must be met: (1) proof that the defendant committed the other crime must be clear and convincing; (2) the prior criminal conduct must not be too remote in time from the commission of the crime charged; (3) the prior criminal conduct must, in some cases, be similar to the offense committed [footnote omitted]; and (4) the prior criminal conduct must be introduced to prove an element of the charged offense that is a material issue in the case.

It has long been established that acts or arrests not resulting in conviction are not admissible for impeachment. *Duke v. United States*, 255 F.2d 721 (9th Cir. 1958), cert. denied 357 U.S. 920, 78 S.Ct. 1361, 2 L.Ed.2d 1365; *McGill v. United States*, 270 F.2d 329 (D.C. Cir. 1959), *cert. denied* 362 U.S. 905, 80 S.Ct. 615, 4 L.Ed.2d 555. Balancing the probative value of such evidence against the danger of unfair prejudice is a matter within the sound discretion of the trial court. *United States v. Federico*, 658 F.2d 1337 (9th Cir., 1981). Therefore, Mr. Worley's arrests are not relevant or admissible.

While Mr. Worley has been arrested and either convicted or plead guilty to certain crimes, Plaintiff Worley has not been convicted of any felony or misdemeanor involving false statement or dishonesty. Accordingly, all of Mr. Worley prior arrests and convictions should be excluded.

**B. Prior Bad Acts.**

Rule 608(b) of the Federal Rules of Evidence prohibits extrinsic evidence of specific instances of conduct of a witness. Therefore, any records pertaining to Mr. Worley's alleged prior bad acts are not admissible and should be excluded. Under Rule 608(b), specific prior bad acts can only be admitted if they are probative of a witnesses' character for truthfulness or untruthfulness. None of the prior acts of Mr. Worley elicited from deposition are probative of Mr. Worley's character for truthfulness and are simply prior acts, with no relevance to the instant

action, which Defendants intends to introduce to prejudice the Plaintiff. Therefore, any testimony or records pertaining to Mr. Worley's alleged bad acts are inadmissible.

Rule 609(a) permits evidence of convictions of crimes only if the crime was a felony or involved dishonesty or false statement. Accordingly, misdemeanor convictions not involving dishonesty or false statement are not admissible. To Plaintiff's knowledge and based on the records produced in discovery, Mr. Worley has not been convicted of a felony within the last 10 years or committed a misdemeanor involving dishonesty or false statement.

Plaintiff does not know what evidence, if any, the Defendants may attempt to utilize or introduce concerning any arrest, conviction or other bad acts. However, the Defendants appear to be arguing that Mr. Worley had a propensity to bite people and that this makes it admissible. However, the Defendants, other than an incident involving Calvin Roach, where both Mr. Worley and Mr. Roach were charged, cannot seem to identify the specifics about these other events and most testimony is not based on personal knowledge of the witnesses.

Further, no such arrests or charges are relevant because is undisputed that Ms. Worley was arrested and handcuffed when he was beaten. Accordingly, the Plaintiffs request that this Honorable Court preclude the Defendants from offering or presenting this evidence. At a minimum, the Defendants must not present any such testimony or evidence without giving pre-trial notice and/or obtaining a ruling from this Honorable Court on such evidence outside the presence of the jury.

Evidence of any other incident involving Mr. Worley that is similar to this incident should be excluded. In Stengel v. Belcher, 522 F.2d 437 (6th Cir. 1975), the defendant off-duty officer shot and killed Stengel in a bar fight. The defendant sought to offer evidence that decedent had on other occasions been in bars and had been loud and profane and had caused trouble. The court excluded the evidence and its ruling was affirmed on appeal on the ground that it was a collateral

issue likely to result in jury confusion and it was not relevant on the question of self-defense because the proffered evidence was not known to the off-duty officer at the time. Evidence of criminal conduct is a highly charged issue and is likely to result in an emotional rather than an objective decision. Admitting such evidence would prejudice Plaintiffs by suggesting to the jury that their decision should be based on collateral matters.

Rule 403 provides as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In the notes of the Advisory Committee on Rule 403, the Committee stated that:

> The case law recognizes that certain circumstances call for the exclusion of evidence which is of unquestioned relevance. These circumstances entail risks which range all the way from inducing decision on a purely emotional basis, at one extreme, to nothing more harmful than merely wasting time, at the other extreme. Situations in this area call for balancing the probative value of and need for the evidence against the harm likely to result from its admission. [Cites omitted]
>
> * * *
>
> Exclusion for risk of unfair prejudice, confusion of issues, misleading the jury, or waste of time, all find ample support in the authorities. 'Unfair prejudice' within this context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.

According to Professor Wigmore, undue prejudice exists:

> Whenever the admission of a particular class of relevant evidential facts would (1) be likely to stimulate an excessive emotion or to awaken a fixed prejudice as to a particular subject or person involved in the issues, (2) and thus dominate the mind of the tribunal and prevent a rational determination of the truth, (3) and where the evidence having this tendency is not necessary to the ascertainment of the truth ..."

Wigmore, Code of Evidence, 3d Ed., 1942, p. 355.

**C. Use of the "N" Word**

Further, Plaintiff seeks to exclude any discussion or testimony that Mr. Worley has used the "N" word in prior encounters with deputies or in the events which are the subject matter of this

litigation. Again, the use of the "N" during encounters with Sonya Willis has no probative value to determining whether the Defendants beat Mr. Worley while handcuffed.

Further, during the course of the incident which is the subject matter of these events, Mr. Worley used the "N" towards Deputy Griffin. However, it is clear that Deputy Griffin testified that this had no impact on his determination to strike Mr. Worley when handcuffed. As Deputy Griffin testified:

> Q. He cusses you out and calls you the N word, you're not allowed to hit him?
>
> A. I didn't -- I didn't -- I didn't hit him for that.
>
> Q. I'm saying, you can't hit somebody for saying whatever vile things they want to say, right?
>
> A. I mean, I didn't -- I didn't -- that's what I'm saying now. I didn't hit him for that. I didn't hit for what he was saying. I hit him because he tried to bite me.
>
> Q. Okay.
>
> A. I didn't care what he was saying, because that -- you know, that don't hurt me.
>
> Q. Right.
>
> A. A. But if he would've bit me and broke my skin -- I didn't know if he had HIV or not. Then I would have been trapped and messed up for the rest of my life with HIV, if he'd had it, if he would have broke my skin. That's the only thing I was trying to -- to prevent him from biting me. (Depo. of Griffin, pp. 29-30).

As Deputy Griffin testified that he did not strike Mr. Worley for use of the "N" word, it is not relevant to the issues in this case and is no probative value. Further, any potential probative value is substantially outweighed by the danger of unfair prejudice pursuant to F.R.E. 403.

WHERFORE, PREMISES CONSIDERED, Plaintiff moves this Honorable Court for an Order excluding all of Plaintiff's previous convictions, arrests, bad acts and use of the "N" word and for all such further relief, both general and specific, to which they may be entitled under the premises.

RESPECTFULLY SUBMITTED,

*/s/ Andrew C. Clarke*

ANDREW C. CLARKE (TNBPR No. 15409)
6250 Poplar Avenue, Second Floor
Memphis, TN 38119
(901) 590-0761 (Telephone)
(901) 590-0779 (Facsimile)
aclarke@accfirm.com

**CERTIFICATE OF SERVICE**

I, Andrew C. Clarke, pursuant to F.R.C.P. 5, do hereby certify that a true and correct copy of the foregoing was served on the all counsel of record via the Court's ECF filing system and/or email including the following:

William R. Allen
Allen, Allen, Breeland & Allen, PLLC
P.O. Box 751
Brookhaven, Mississippi 39602
wallen@aabalegal.com

Daniel J. Griffith
Mary McKay Lasker
Jacks/Griffith/Luciano, P.A.
P.O. Box 1209
Cleveland, Mississippi 38732
dgriffith@jlpalaw.com
mlasker@jlpalaw.com

This the 18th day of January, 2018.

*/s/ Andrew C. Clarke*

ANDREW C. CLARKE (TNBPR No. 15409)